UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

PINOLANDIA CORPORATION and
PINOLANDIA 1 CORPORATION
d/b/a Pinolandia restaurant at 119
NW 12 Avenue, Miami Florida and
VIRJUPA, LLC

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Pinolandia Corporation, Defendant Pinolandia 1 Corporation, and Defendant Virjupa, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3.     Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5.     Defendant Pinolandia Corporation (also referenced along with Pinolandia 1 Corporation as "co-Defendants Pinolandia Corp. and Pinolandia 1 Corp.," "operators," or "lessees") is a Florida for profit corporation. On information and belief, Pinolandia Corporation is owner or co-owner of the Pinolandia restaurant located at 119 NW 12 Avenue, Miami Florida 33128. Defendant Pinolandia Corporation received a $64,200 Coronavirus Paycheck Protection Program ("PPP")[1] loan from the Small Business Administration ("SBA") in April of 2020.

6.     Defendant Pinolandia 1 Corporation (also referenced along with Pinolandia Corporation as "co-Defendants Pinolandia Corp. and Pinolandia 1 Corp.," "operators," or

---

[1] The Paycheck Protection Program ("PPP') was established by the U.S. federal government through the Coronavirus Aid, Relief, and Economic Security Act to help businesses continue to pay their workers during the Covid pandemic. The program was implemented by the U.S. Small Business Administration, which is a U.S. federal government agency that provides support to small businesses. The amount of a PPP loan is approximately equal to 2.5 times the applicant's average monthly payroll costs. The loan proceeds may be used to cover payroll costs, rent, interest, and utilities. The loan may be partially or fully forgiven if the business keeps its employee counts and employee wages stable.
https://www.sba.gov/funding-programs/loans/covid-19-relief-options/covid-19-economic-injury-disaster-loan/about-covid-19-eidl

"lessees") is a Florida for profit corporation. On information and belief, Pinolandia 1 Corporation is owner or co-owner of the Pinolandia restaurant located at 119 NW 12 Avenue, Miami Florida 33128. Defendant Pinolandia 1 Corporation received a $75,000 Coronavirus PPP loan from the SBA in April of 2020.

7. Together Defendants Pinolandia Corp. and Pinolandia 1 Corp. received $139,200 in Coronavirus PPP loans from the SBA as related to the Pinolandia restaurant located at 119 NW 12 Avenue (the subject of this instant action).

8. Defendant Virjupa, LLC (also referenced as "Defendant Virjupa," "Owner," or "lessor") is the owner of commercial real property identified as Folio 01-4102-005-2080 with the address 119 NW 12 Avenue, Miami, Florida 33156.

## FACTS

9. Defendant Virjupa's 119 NW 12 Avenue commercial property is built out as a cafeteria/restaurant which has been leased to co-Defendants Pinolandia Corp. and Pinolandia 1 Corp ("lessees"). The lessees in turn have operated the Pinolandia restaurant within that leased space.

10. On information and belief, the Pinolandia restaurant located at 119 NW 12 Avenue is one of many Pinolandia brand restaurants which are owned by brother/sister corporations to co-Defendants Pinolandia Corp. and Pinolandia 1 Corp. On information and belief, each of the Pinolandia restaurants are controlled and/or owned by the same individuals (family members). The Pinolandia restaurant located at 6742 Pembroke Road, Pembroke Pines, Florida is owned/operated by Pinolandia 2 Corporation and received $44,700 in Coronavirus PPP loans from the SBA. The Pinolandia restaurant located at 10948 SW 184 Street, Cutler Bay, Florida is owned/operated by Pinolandia 3 Corporation

3

and received $20,700 in Coronavirus PPP loans from the SBA. The Pinolandia restaurant located at 1100 NW 119th Street, Miami, Florida is owned/operated by Pinolandia 4 Corporation. The Pinolandia restaurant located at 6520 Pines Boulevard, Pembroke Pines, Florida is owned/operated by Pinolandia 2 Corporation.

11. Defendants Pinolandia Corp. and Pinolandia 1 Corp.'s Pinolandia restaurant specializes in Nicaraguan and Central American style food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Pinolandia restaurant which is the subject to this action is also referred to as "Pinolandia restaurant," "Pinolandia restaurant (located) at 119 NW 12 Avenue," "restaurant," or "place of public accommodation."

12. On information and belief and at all times material hereto, Defendants Pinolandia Corp. and Pinolandia 1 Corp. were (and are) co-owners and co-operators of the subject Pinolandia restaurant. As the co-owners and co-operators of the Pinolandia restaurant, Defendants Pinolandia Corp. and Pinolandia 1 Corp. are defined as "Public Accommodations" within meaning of Title III because they are each a private entity which owns and operates and establishment which is open to the public and serves food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

13. Due to Plaintiff frequenting the area of the subject property, on March 11, 2022 Plaintiff went to the restaurant with the intent of dining therein and to test for compliance with the ADA/ADAAG.

14. While perambulating into the restaurant, Plaintiff met with multiple areas of inaccessibility and non-ADA compliance. Then, while Plaintiff was dining/testing in the

4

Pinolandia restaurant, he had occasion to use the restroom and while in the restroom, he met additional areas of inaccessibility due to his being confined to his wheelchair.

15. Due to the inaccessible public spaces within Defendants' Place of Public Accommodation, Plaintiff has been denied full and equal access by the operators of that restaurant (Defendants Pinolandia Corp. and Pinolandia 1 Corp.) and by the owner of the commercial property which houses the restaurant (Defendant Virjupa).

16. As the operators of a restaurant open to the public , Defendants Pinolandia Corp. and Pinolandia 1 Corp. are obligated to be aware of their obligations under the ADA and the need to provide for equal access in all areas of their restaurant. Therefore, their failure to reasonably accommodate mobility impaired and disabled patrons by insuring that their Pinolandia restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

17. As the owner of commercial property which is operated as a restaurant open to the public, Defendant Virjupa is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). As an investor and owner of commercial property being used as a Place of Public Accommodation, Defendant Virjupa should be aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that the Pinolandia restaurant located within its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff continues to desire to patronize and/or test the Pinolandia restaurant located at 119 NW 12 Avenue, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

6

24. Prior to the filing of this lawsuit, Plaintiff personally visited and tested the Pinolandia restaurant located at 119 NW 12 Avenue for compliance with the ADA/ADAAG, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access when he patronized/tested the restaurant. Therefore, Plaintiff has suffered an injury in fact.

25. Defendants Pinolandia Corp. and Pinolandia 1 Corp. (operators of the restaurant) and Defendant Virjupa (owner of the commercial property housing the restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject Pinolandia restaurant.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29.     Defendant Virjupa's commercial property and the Pinolandia restaurant operating therein by Defendants Pinolandia Corp. and Pinolandia 1 Corp. are in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.,* and both the owner and the operators are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  i.  As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), The plaintiff had difficulty exiting the vehicle, as there are no designated accessible parking spaces for the restaurant patrons. Failure to provide designated handicap (ADA) parking space(s) within the restaurant's parking lot is a violation of Section 4.1.2 of the ADAAG and Section 208.2 of the 2010 ADA Standards for Accessible Design. Section 4.1.2 states that an accessible site must meet the minimum requirements, Section 4.1.2(1) states one minimum requirement is for accessible parking spaces, and Section 4.1.2(5)(a) provides a table advising the number of accessible parking spaces in relation to the total spaces in the restaurant's parking accommodations.  Section 208.2 of the 2010 ADA Standards also provides a table requiring the minimum number of parking spaces, which table corresponds to that at ADAAG Section 4.2.2(5)(1).

 ii.  Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), are in further violation of Section 4.1.2(5)(a) of the ADAAG Section 208.2 of the 2010

        ADA Standards for Accessible Design by virtue of the fact that they have not provided the minimum required accessible parking spaces (as fully delineated above).

iii. The parking facilities provided by Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally) have failed to provide compliant and directional and information signage to accessible parking space(s) in violation of Section 4.6.4 of the ADAAG. Section 4.6.4 states that accessible parking spaces must be designated as such and reserved for qualified individuals by a sign depicting the symbol of accessibility. The Section 216.5 exemption as provided within 2010 ADA Standards for Accessible Design cannot apply since Defendants are in violation of Section . Section 4.1.2 (in its entirety), and Section 4.6.4.

iv. The parking facilities provided by Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally) parking spaces within the parking provided for the restaurant do not have access isles that are marked, which is in violation of Section 502.3.3 which states that access isles shall be marked (to discourage use as additional parking spaces). Advisory 502.3.3 does not specify method and color of marking, and leaves this to State or local laws and regulations. Florida state FBC Fig 9, FDOT Index #17346 states that markings are to be blue and white and that the space between the blue and white line is 2" and that the access aisle is to be measured from the centerline of the white lines. In this instant case, there is no adequate marking of access isles at the accessible parking space.

9

    v.    As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty traveling from the parking area into the restaurant as there is no existing accessible route to assist individuals with disabilities to travel from the parking area into the restaurant. The lack of a marked accessible route is in violation of Sections 4.3.7 and 4.7.2 of the ADAAG and Sections 206.2, 403.3, and406 of the 2010 ADA Standards for Accessible Design.

    vi.    As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the door towards the inside of the restaurant without assistance, as the door approach has a sloped surface within the required maneuvering clearance area of the pull side of the door. The fact that the maneuvering clearance on the pull side of the door has a non-compliant slope is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. Section 404.2.4 states that maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

    vii.    As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as a wall partition encroaches on the

        required maneuvering clearance on the pull side of the door. This is a violation of 28 CFR 36.211, Section 4.13.6 of the ADAAG, and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.

viii.  As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff had continued difficulty opening the restroom door because the doorway has a change in level, which is a violation of Section 4.13.8 of the ADAAG and Section 404.2.4.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.8 states that thresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors. Raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2, which not attained in the instant case.

ix.  As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door without assistance, as the restroom door has a knob style door handle, which is in violation of 28 C.F.R. Part 36, Section 4.13.9 of the ADAAG, and ADA/ABA Design Compliance Code §309.4 (operable parts

11

are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds). This is also a violation of Section 404.2.7 of the 2010 ADA Standards for Accessible Design which states that door hardware must be operable with a closed fist or a loose grip.

x. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Failure to provide compliant clear floor space in the restroom is a violation of Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards for Accessible Design. Section 4.22.3 states that an unobstructed turning space must comply with Section 4.2.3 within an accessible toilet room. Section 4.2.3 and Section 304.3 give the dimensions of wheelchair turning space as the space required for a wheelchair to make a 180-degree turn being clear space of 60 in (1525 mm) diameter (Sec 4.2.3 Fig. 3(a)) or a T-shaped space (Sec 4.2.3 Fig. 3(b)). Section 603.2 requires turning space to comply with Section 304, requires floor space for turning be clear of fixtures and not overlap, and that doors shall not swing into the clear floor space.

xi. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance as the required clear floor space was not provided due to a change in level over the accessible toilet's clear floor space. This is a violation of Section 4.3.8 and 4.16.2 of the ADAAG and Sections

303.2, 604.3.1 of the 2010 ADA Standards for Accessible Design. Section 4.16.2 states that the amount of space required at an accessible toilet includes clear floor space around fixtures. Section 604.3.1 states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

xii. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching trash can. This is a violation of Section 4.16.2 of the ADAAG which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures (which include the trash can). This is also a violation of Section 604.3.1 of the 2010 ADA Standards for Accessible Design (as delineated at section (xi) above).

xiii. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to the encroaching lavatory. This is a violation of Section 604.3.1 of the 2010 ADA Standards for Accessible Design (as delineated at section (xi) above).

xiv. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not in the required location from the side wall. This is a violation of Section 4.16.4 and

    Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

xv. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not provide the required length. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum.

xvi. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance because the toilet bowl cleaning dispenser is mounted over the rear wall grab bar at the wrong height, which results in failure to provide the required clearance for the rear wall grab bar. This is a violation Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the wall and the grab bar shall be 1½ inches (38 mm) and the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum.

xvii. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. This is a violation of

        Section 4.16.4 Figure 29(b) of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design. Section 604.5.1 states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

xviii.    As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not the required length. The 36 inches long side grab bar is in violation of ADAAG Section 4.16.4 Figure 29, which depicts side wall grab bars being 42 in long and extending 54 inches from the rear wall. This is also a violation of Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that side wall grab bars must be 42 inches long (1065 mm) and located 12 inches (305 mm) from the rear wall and extending 54 inches from the rear wall (Fig 604.5.1).

xix.    As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the side wall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the side wall to the center of the toilet.

xx. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the flush control is not mounted on the open side of the water closet. The flush control mount is in violation of Section 4.16.5 of the ADAAG which states that flush controls shall be mounted on the wide side of toilet areas no more than 44 in (1120 mm) above the floor and shall comply with Section 4.27.4 in that they shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist.  The non-compliant flush control is also in violation of Section 604.6 of the 2010 Standards for Accessible Design which states that flush controls shall be located on the open side of the water closet.

xxi. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the required location in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604.7 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars.

xxii. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection.  The appropriate knee clearance must be at least 27 inches (685 mm) high, 30 inches (760 mm) wide, and 19 inches (485 mm) deep underneath the sink. This is a violation of Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface 34 inches (865 mm) above the finished floor. This is a violation of Section 606.2 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 306.3 (Fig. 306.3). Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 inches above the finished floor.

xxiii. As to Defendants Pinolandia Corp. and Pinolandia 1 Corp. (lessees/operators) and Defendant Virjupa (owner/lessor of the property) (jointly and severally), Plaintiff could not use the soap dispenser without assistance, as the lavatory soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG.  This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

30. Pursuant to 42 U.S.C. §12101 *et seq.*, and 28 C.F.R. §36.304, Defendants have been required to make the Pinolandia restaurant at 119 NW 12 Avenue commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order for Defendants to alter the commercial property and the Pinolandia restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Virjupa, LLC (owner of the commercial property housing the Pinolandia restaurant) and Defendants Pinolandia Corporation and Pinolandia 1 Corporation (lessees and operators of that Pinolandia restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Pinolandia restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 2nd day of May, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*